IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE DWIGHT DAVIS,** | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **KENNETH KYLER,** *et al.*, | : | |
| Respondents | : | NO. 03-6913 |

## MEMORANDUM AND ORDER

PRATTER, J.                                                                                                       APRIL 19, 2007

Bruce Dwight Davis petitions for habeas corpus relief pursuant to 18 U.S.C. § 2254 from a sentence imposed by the Delaware County Court of Common Pleas and affirmed by the Pennsylvania Superior Court following Mr. Davis's conviction by a jury for first degree murder and related charges. United States Magistrate Judge Jacob P. Hart filed a Report and Recommendation recommending that Mr. Davis's Petition be denied. Mr. Davis filed objections to the Report and Recommendation, and the Government responded. After conducting a de novo review pursuant to 28 U.S.C. 636(b)(1)(C), the Court adopts the Report and Recommendation in its entirety. Accordingly, Mr. Davis's Petition is denied.

**BACKGROUND**

On February 12, 1996, a Delaware County Court of Common Pleas jury convicted Mr. Davis of first degree murder, aggravated assault, recklessly endangering another person, theft by unlawful taking, unauthorized use of a motor vehicle, and possession of instruments of crime. Mr. Davis was sentenced to life imprisonment for first degree murder, and to consecutive terms of 6 to 12 months imprisonment for theft and 3 to 12 months imprisonment for possession of instruments

of crime. For sentencing purposes, the aggravated assault and recklessly endangering another person charges were deemed to merge with the first degree murder charge, and the unauthorized use of a motor vehicle charge was deemed to merge with the theft charge. (Def. Answer 2.) Mr. Davis timely appealed his conviction and sentence to the Pennsylvania Supreme Court, which affirmed the judgment of sentence on April 17, 1997. Commonwealth v. Davis, 698 A.2d 662 (Table) (Pa. Super. 1997). The Pennsylvania Supreme Court denied allocatur on October 15, 1997. Commonwealth v. Davis, 704 A.2d 634 (Table) (Pa. 1997).

Mr. Davis then filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9551, on October 15, 1998. After holding an evidentiary hearing, the PCRA court denied the petition on June 30, 1999. Mr. Davis again filed a timely appeal. The Pennsylvania Superior Court affirmed, Commonwealth v. Davis, 2476 EDA 1999, and the Pennsylvania Supreme Court denied allocatur on July 10, 2001, Commonwealth v. Davis, 782 A.2d 542 (Table) (Pa. 2001).

Mr. Davis filed a second PRCA petition on July 30, 2001. On October 30, 2001, the PCRA court advised Mr. Davis of its intent to dismiss the petition without an evidentiary hearing on timeliness grounds and allowed Mr. Davis an opportunity to respond. Over Mr. Davis's objection, on December 20, 2001, the PCRA court dismissed the petition without a hearing on the grounds that it was untimely filed. On January 8, 2002, Mr. Davis appealed. The Pennsylvania Superior Court affirmed the dismissal, concluding that the petition was untimely filed and that Mr. Davis had failed to satisfy any of the requirements for statutory tolling of the PCRA's one-year statute of limitations. Commonwealth v. Davis, 816 A.2d 1129 (Pa. Super. 2003). The Pennsylvania Supreme Court denied allocatur on December 9, 2003. Commonwealth v. Davis, 839 A.2d 351

(Table) (Pa. 2003).

Mr. Davis filed the instant petition for a writ of habeas corpus on December 29, 2003, basing his effort on the following grounds:

1. "Denial of Right to Effective Assistance of Trial Counsel.

    Trial Counsel instructed Petitioner to falsely attest to the Jury in contradiction to his willful and truthful confession to the Police that is consistent with my knife wounds that they photographed, just before going on the witness stand to repeat that self-defense confession, Trial Counsel told Petitioner to tell the Jury that He black-out [sic] before He got in the House, with the threat of Petitioner having to represent Himself, even though the D.A. opposed suppression [of] said confession that the Trial Judge agreed and affirmed."

(Petition 9.)

2.
    "The Trial Court, D.A. and Trial Counsel utilized Trial Counsel's defense theory to obtain a 1st degree murder conviction because the actual self-defense facts / confession to the Police is not suppressed, proves Petitioner innocent of 1st degree murder."

(Id. at 9-10.)

3.
    "The State deprived Petitioner of a full and fair Evidentiary Hearing because the record was fully developed to dispose of the above said issues as is your Petition's motive to satisfy the State Exhaustion requirement before Petitioning This Court for relief on the same basis of herein averred totality of factual circumstances."

(Id. at 10 reverse side).

4. "Denied of Fair Trial.

    The Trial Court and Appellate Courts failed to correct the objections to the Hear-say of Margaret Flowers, (Decease [sic] Mother [of the victim]), and Georgette Bradley, (Decease [sic] sister [of the victim]) without a New Trial because the bell could not be unrung."

(Id.)

5.

> "Petitioner was deprived Effective Assistance on Direct Appeal for failing to raise all the above said Ineffective Assistance of trial Counsel claims under said facts and circumstances to avoid The State Procedural Snarls and to provide Petitioner with equal protection and due process right [sic]."

(Id.)

In response, the Government argues that Mr. Davis's Petition is untimely.

**DISCUSSION**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for a writ of habeas corpus must be filed within one year from "the date on which the [petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) and (d)(2).[1] The AEDPA one-year time limit is statutorily tolled during the time when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). An AEDPA time bar prevents consideration of the substantive grounds advanced in the request for relief.

Here, the Pennsylvania Supreme Court denied allocatur on October 15, 1997. The time period for seeking *certiorari* in the United States Supreme Court expired 90 days later, on January 13, 1998.[2] Thus, Mr. Davis's conviction and judgment of sentence became final on January 13,

---

[1] None of the other possible "start dates" found in § 2244(d)(1) apply here: no state action prevented the timely filing of the instant action; Mr. Davis does not rely on a new rule of retroactively applicable constitutional law; and the factual predicates for Mr. Davis's claims stem from events that took place during the trial and which were discoverable in the exercise of due diligence.

[2] The AEDPA statute of limitations is not tolled during the 90-day period when a petitioner could have filed a Petition for Writ of Certiorari in the United States Supreme Court after state collateral review. Stokes v. Dist. Attorney of Phila., 247 F.3d 539 (3d Cir. 2001), cert. denied, 534 U.S. 959 (2001).

1998, at which time the AEDPA one-year time limit began to run. Mr. Davis filed his first PCRA petition 275 days later, on October 15, 1998, which tolled the AEDPA limitations period. See Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000) (the ADEPA limitations period is tolled during any time during which a "properly filed" state post-conviction petition for collateral review is pending). After the Pennsylvania Superior Court affirmed the Court of Common Pleas's dismissal and, on July 10, 2001, the Pennsylvania Supreme Court denied allocatur, the AEDPA limitations period resumed running, with 90 days remaining.

Mr. Davis promptly filed his second PCRA petition on July 30, 2001, but this petition did not toll the statute of limitations. Because the Pennsylvania courts held this petition to be untimely, it was not "properly filed" within the meaning of § 2244(d)(2) and does not operate to toll the ADEPA limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("time limits . . . are filing conditions" and an untimely petition for state post-conviction relief does not statutorily toll the limitations period); Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

Thus, the AEDPA limitations period expired as to Mr. Davis on October 8, 2001, 90 days after the Pennsylvania Supreme Court denied permission to appeal his first PCRA petition. Mr. Davis filed the instant petition on December 29, 2003, over two years after the ADEPA limitations period had expired. Therefore, absent some extraordinary circumstance, Mr. Davis's Petition is time-barred.

Although AEDPA generally requires habeas petitions to be filed within one year of the final judgment, the "one-year filing requirement is a statute of limitations, not a jurisdictional rule." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted). The Court of Appeals for the Third Circuit has held that "a habeas petition should not be dismissed as untimely

5

if the petitioner can establish an equitable basis for tolling the limitations period." Id. Equitable tolling "is proper only when the principles of equity would make the rigid application of a limitation period unfair." Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). Such equitable tolling is warranted when "the petitioner has in some extraordinary way been prevented from asserting his or her rights . . . [and] has exercised reasonable diligence in investigating and bringing the claims." Id. Equitable tolling is also appropriate in the following three circumstances: (1) if the respondent has actively misled the petitioner; (2) if the petitioner has timely asserted his rights, but has mistakenly done so in the wrong forum; or (3) if the petitioner received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the petitioner into believing that he had done everything required of him. Jones, 195 F.3d at 159 (citations omitted).

Equitable tolling, however, is to be invoked "only sparingly" where it is "demanded by sound legal principles as well as the interests of justice." United States v. Midgely, 142 F.3d 174, 179 (3d Cir. 1998) (citation omitted). Post-AEDPA, the Supreme Court has held that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418; see also Miller, 145 F.3d at 618-19 (requiring the petitioner to establish that he exercised reasonable diligence in investigating and bringing his claims). Mere excusable neglect will not suffice. Miller, 145 F.3d at 618.

Although Mr. Davis does not make a specific claim for equitable tolling, he apparently contends that his federal habeas petition is untimely as a result of his efforts to exhaust state court remedies and because of misleading information from the office of Clerk of the Pennsylvania

Supreme Court. (Petitioner's Traverse to Respondent's Answer 2-3, 4-5, 7.) Mr. Davis also asserts that his second PCRA petition "may be deemed to be a continuation of the first" under Pennsylvania state law.

### 1.     The Exhaustion Requirement

Mr. Davis contends that his petition is untimely because he was required to file a second PCRA petition in order to satisfy the requirement that he exhaust state court remedies for each of the claims he intended to raise in federal court. While Mr. Davis may have diligently pursued his rights, his improperly filed efforts to exhaust state remedies do not afford him a basis for equitable tolling.

In Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003), the Court of Appeals recognized the tension that may arise between the AEDPA one-year limitations period and the need to exhaust state court remedies.

> Undoubtedly, there will be other habeas petitioners who find themselves in similar situations where their need to exhaust state remedies will create a tension with the one-year statute of limitations in AEDPA. Some of these petitioners may have simply been neglectful of their responsibility to exhaust at the outset, but others, such as those who have legitimate grounds to claim discovery of new evidence, may not have had that opportunity. The federal courts should seek ways to ameliorate the consequences for these petitioners in appropriate cases.

Id. at 170 n.10.[3] The pursuit of state court remedies, however, generally does not afford a basis for

---

[3] For example, "when petitioners have filed habeas actions in federal court before they have fully exhausted their state remedies, many federal courts have suggested that the federal action should be stayed to give the petitioners an opportunity to file their state action because an outright dismissal, even if without prejudice, could jeopardize the timeliness of a collateral attack." Merritt, 326 F.3d at 170 n.10. Because Mr. Davis chose to file his petition in state court rather than in federal court, this procedure is inapposite and it would be wholly inappropriate for the Court to invoke it on his behalf.

equitable tolling.  See, e.g., Pace, 455 U.S. at 418 (rejecting equitable tolling where federal habeas limitations period had expired while petitioner pursued state court remedies on a petition that was determined by the state courts to be untimely); Merritt, 326 F.3d at 169-70 (even though petitioner's second PCRA petition was ultimately dismissed as untimely, thereby leaving him ineligible for statutory tolling, petitioner's predicament did not amount to "extraordinary circumstances" sufficient for equitable tolling in non-capital cases); Baker v. Horn, 383 F. Supp. 2d 720, 748 (E.D. Pa. 2005) (uncertainty as to Pennsylvania law and the timeliness of a PCRA petition did not afford a basis for equitable tolling while petitioner pursued state court remedies).

  Here, Mr. Davis raised only one of his federal claims in his first PCRA petition (i.e., defense counsel's failure to pursue a manslaughter defense).  Thus, the other four grounds for relief he now raises were not "exhausted" on July 10, 2001 at the conclusion his first PCRA proceeding.  Had Mr. Davis proceeded directly to federal court at that time, this Petition would have been timely, but his other four claims would not have been exhausted.  Mr. Davis instead filed a second PCRA petition, which the Pennsylvania courts held to be untimely.  By the time that decision was rendered and appealed, the AEDPA limitations period had also expired.  Mr. Davis argues that he had no choice but to file the second PCRA petition in order to exhaust all of his federal claims and, therefore, the AEDPA limitations period should have been equitably tolled while his second PCRA petition was pending.

  This argument fails, however, because nothing prevented Mr. Davis from raising all of his federal claims in his first PCRA petition.  Mr. Davis was undoubtedly aware of his federal grounds for relief at the time he filed his first PCRA petition because they all relate to actions taken by the court or by Mr. Davis's counsel at trial or on direct appeal.  Where a petitioner had ample

opportunity to raise the grounds for relief in question, the pursuit of state court remedies generally does not afford a basis for equitable tolling.  Pace, 455 U.S. at 418.  Thus, in the absence of some other factor, besides Mr. Davis's own neglect, that prevented him from properly presenting his claims in his first PCRA petition, equitable tolling on the basis of the exhaustion requirement is not warranted.

        2.        **Government Interference (Misleading Information**)

Alternately, Mr. Davis asserts that equitable tolling is warranted because, he contends, the Pennsylvania Supreme Court staff erroneously advised Mr. Davis's stepfather, Norman Johnson, that Mr. Davis would have to wait for the outcome of the Pennsylvania Supreme Court's decision before taking any other legal action.  (Petitioner's Objections Ex. C, Affidavit of Norman Johnson.)  This argument, too, fails.

Mr. Johnson avers that he called the clerk's office on July 9, 2001, the day before the Pennsylvania Supreme Court denied permission to appeal the denial of Mr. Davis's first PCRA petition and 21 days before Mr. Davis filed his second PCRA petition.  Thus, even if Mr. Davis was instructed to take no further action until the court rendered its decision, the court employee necessarily referred to the disposition of Mr. Davis's *first* PCRA petition, not his *second*, which had not yet been filed.  Therefore, this alleged "government interference" is irrelevant to Mr. Davis's subsequent decision to file a second PCRA petition instead of a federal habeas petition.  As previously noted, Mr. Davis's federal habeas petition would have been timely if he had proceeded directly to federal court after the Pennsylvania Supreme Court's ruling on his first PCRA petition.

### 3. Merger of the Second PCRA Petition with the First PCRA Petition

Finally, Mr. Davis contends that his second PCRA petition "may be deemed to be a continuation of the first" under Pennsylvania law. (Petitioner's Traverse to Respondent's Answer 2.) The Court is unaware of any law supporting this position. Moreover, at least in some circumstances, the Pennsylvania Supreme Court has held precisely the opposite. See Commonwealth v. Robinson, 837 A.2d 1157, 1163 (Pa. 2003) ("The one-year time limit for bringing a petition under the Post Conviction Relief Act (PCRA) cannot be circumvented by construing an untimely, serial PCRA petition as if it were an "extension" of a timely, but previously dismissed, first PCRA petition . . . ."). The Court acknowledges that the Pennsylvania Supreme Court has recognized exceptions to the statute of limitations for PCRA petitions in the context of second or subsequent petitions. See Commonwealth v. Lark, 746 A.2d 585, 588 (Pa. 2000).[4] Under no circumstances, however, is a second or subsequent PCRA petition deemed to be a continuation of the first.

Thus, because Mr. Davis filed his petition after the AEDPA one-year limitations period expired and in the absence of any extraordinary circumstances, the Petition is time-barred and the Court will not reach the merits of Mr. Davis's claims. See Schlup, 513 U.S. at 316 (explaining

---

[4] The Pennsylvania Supreme Court held that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." Commonwealth v. Lark, 746 A.2d 585, 588 (Pa. 2000). However, even if this rule prevents a petitioner from timely filing a second PCRA petition because the one-year time limit expires before the final disposition of the first petition, a petitioner must nonetheless "prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies" before a court may consider the second PCRA petition. Id. If one of these exceptions is proved, which are analogous to AEDPA's exceptions, the court may consider the untimely petition, so long as it was filed "within sixty days of the date of the order which finally resolves the previous PCRA petition." Id.

that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim").[5]

**CONCLUSION**

For the foregoing reasons, the Court denies all of Mr. Davis's objections and adopts the Report and Recommendation in its entirety.  An appropriate Order consistent with this Memorandum follows.

BY THE COURT:

_____
GENE E. K. PRATTER
United States District Judge

---

[5] The Court also will not reach the Government's procedural default arguments.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE DWIGHT DAVIS,** : | | **CIVIL ACTION** |
| Petitioner, : | | |
| : | | |
| : | | |
| v. : | | |
| : | | |
| : | | |
| **KENNETH KYLER,** *et al.*, : | | |
| Respondents : | | **NO. 03-6913** |

**O R D E R**

AND NOW, this 19th day of April, 2007, upon consideration of the following: the revised Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 of Bruce Dwight Davis (Docket No. 1); the Government's response thereto (Docket No. 3); Petitioner's Reply (Docket No. 4); the Report and Recommendation of Judge Jacob P. Hart, United States Magistrate Judge (Docket No. 7); Petitioner's objections thereto (Docket No. 8); the Government's response to Petitioner's objections (Docket No. 10) and Petitioner's Traverse to the Government's Response (Docket No. 11), it is hereby ORDERED that:

    1.    the Report and Recommendation is ADOPTED;

    2.    the Petition for Writ of Habeas Corpus is DENIED and DISMISSED;

    3.    Petitioner's objections are DENIED; and

    4.    there is no basis on which to issue a Certificate of Appealability under 28 U.S.C. §

2253.[6]

           BY THE COURT:


           S/Gene E.K. Pratter
           GENE E. K. PRATTER
           United States District Judge

---

[6] Mr. Davis has not made "a substantial showing of the denial of a constitutional right" for any of his claims as required under 28 U.S.C. § 2253(c)(2).